UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAMANTHA BREWSTER,

                              Plaintiff,

            v.

MERCANTILE ADJUSTMENT BUREAU, LLC,

                              Defendant.
_____

**REPORT**
**and**
**RECOMMENDATION**
----------------------------
**DECISION**
**and**
**ORDER**[1]

**23-CV-544-JLS-LGF**

APPEARANCES:          THE ANDREWS FIRM
                      Attorneys for Plaintiff
                      SETH ANDREWS, of Counsel
                      43 Court Street
                      Suite 810
                      Buffalo, New York  14202

                      LIPPES MATHIAS LLP
                      Attorneys for Defendant
                      BRENDAN H. LITTLE, and
                      RACHAEL E. SCANLON, of Counsel
                      50 Fountain Plaza
                      Suite 1700
                      Buffalo, New York  14202

## JURISDICTION

     This case was referred to the undersigned by Honorable John L. Sinatra, Jr. on

July 26, 2023, for all pretrial matters including preparation of a report and

recommendation on dispositive motions. (Dkt. 6)  The matter is presently before the

court on Defendant's motion for summary judgment filed October 1, 2024 (Dkt. 17),

Plaintiff's cross-motion for partial summary judgment (Dkt. 21), and Defendant's motion

_____

[1] Because Defendant's motion to strike is non-dispositive, *see Gwynn v. Clubine*, 302 F.Supp.2d 151, 155 n. 1 (W.D.N.Y. 2004) (addressing motion to strike as non-dispositive), the undersigned includes a Decision and Order addressing this issue together with the Report and Recommendation on the contested summary judgment motions in the interest of completeness and judicial economy.

to strike Plaintiff's cross-motion for summary judgment filed November 22, 2024 (Dkt. 22).

**<u>BACKGROUND</u>**

Plaintiff Samantha Brewster ("Plaintiff"), commenced this action on June 15, 2025, alleging Defendant Mercantile Adjustment Bureau, LLC ("Defendant"), engaged in abusive, deceptive and unfair practices in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, ("§ 1692(__)") in attempting to collect from Plaintiff a disputed debt.  On October 1, 2024, Defendant filed a motion for summary judgment (Dkt. 17) ("Defendant's Motion"), attaching the Memorandum of Law in Support of Defendant Mercantile Adjustment Bureau, LLC's Motion for Summary Judgment (Dkt. 17-1) ("Defendant's Memorandum"), the Declaration of Brendan H. Little[, Esq.][2] (Dkt. 17-2) ("Little Declaration"), with exhibits A and B (Dkts. 17-3 and 17-4) ("Little Dec. Exh(s). __"), the Declaration of Daniel Frisicaro (Dkt. 17-5) ("Frisicaro Declaration"), with exhibits A through C (Dkts. 17-6 through 17-8) ("Frisicaro Dec. Exh(s). __"), and Defendant Mercantile Adjustment Bureau, LLC's Statement of Material Facts in Support of Motion for Summary Judgment (Dkt. 17-9) ("Defendant's Statement of Facts").   On November 11, 2024, Plaintiff filed a cross-motion for summary judgment (Dkt. 21) ("Plaintiff's Cross-Motion"), attaching the Affidavit of Samantha Brewster (Dkt. 21-1) ("Plaintiff's Affidavit"), with exhibits A and B (Dkts. 21-2 and 21-3) ("Plaintiff's Exh(s). __"), the Affirmation of Seth J. Andrews[, Esq.] in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross Motion for Partial Summary Judgment (Dkt. 21-4) ("Andrews's Affirmation"), with exhibits A through G

---

[2] Unless otherwise indicated, bracketed material has been added.

2

(Dkts. 21-5 through 21-11) ("Andrews's Affirmation Exh(s). __"), Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1 (Dkt. 21-12) ("Plaintiff's Statement of Facts"), the Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Motion for Partial Summary Judgment (Dkt. 21-13) ("Plaintiff's Memorandum"), and Plaintiff's Response to Defendant's Material Statement of Facts (Dkt. 21-14) ("Plaintiff's Opposing Statement of Facts").

On November 22, 2024, Defendant moved to strike Plaintiff's Cross-Motion (Dkt. 22) ("Defendant's Motion to Strike"), attaching the Memorandum of Law in Support of Defendant Mercantile Adjustment Bureau, LLC's Motion to Strike (Dkt. 22-1) ("Defendant's Memorandum – Motion to Strike").  On November 27, 2024, Defendant filed the Reply Memorandum of Law in Further Support of Defendant Mercantile Adjustment Bureau, LLC's Motion for Summary Judgment (Dkt. 24) ("Defendant's Reply"), and the Declaration of Daniel Frisicaro (Dkt. 24-1) ("Frisicaro Reply Declaration").  On December 6, 2024, Plaintiff filed the Memorandum of Law in Opposition to Defendant's Motion to Strike (Dkt. 25) ("Plaintiff's Response - Motion to Strike").

On December 9, 2024, Defendant filed the Memorandum of Law in Opposition to Plaintiff's Cross-Motion for Summary Judgment (Dkt. 26) ("Defendant's Response"), attaching Defendant Mercantile Adjustment Bureau, LLC's Response to Plaintiff's Statement of Material Facts (Dkt. 26-1) (Defendant's Opposing Statement of Facts"). On December 13, 2024, Defendant filed the Reply Memorandum of Law in Further Support of Defendant Mercantile Adjustment Bureau, LLC's Motion to Strike (Dkt. 27) ("Defendant's Reply – Motion to Strike").  Oral argument was deemed unnecessary.

3

Based on the following, Defendant's Motion should be DENIED in part and
GRANTED in part, and is DISMISSED as moot in part; Plaintiff's Cross-Motion should
be GRANTED in part and DENIED in part; Defendant's Motion to Strike is DENIED or,
alternatively, DISMISSED as moot.

## FACTS[3]

Plaintiff Samantha Brewster ("Plaintiff" or "Brewster"), intending to attend the
State University of New York at Fredonia ("SUNY Fredonia" or "the school"), for the Fall
2021 semester incurred a debt of $ 4,045 for tuition and fees.  On September 10, 2020,
Plaintiff withdrew from the school without ever having attended any classes.  By letter to
Plaintiff dated September 16, 2020, the school advised Plaintiff's account showed an
unpaid balance of $ 4,045 ("the unpaid balance") and requested Plaintiff remit a check
or money order in that amount to SUNY Fredonia by October 15, 2020.  Frisicaro Dec.
Exh. C (Dkt. 17-8) at 10.  On November 2, 2020, SUNY Fredonia sent to Plaintiff from
the school's Office of Student Accounts a Payment Agreement ("the Payment
Agreement"), providing that Plaintiff would remit to SUNY Fredonia four monthly
payments in the amount of $ 1,011.25 to pay the unpaid balance.  Plaintiff's Exh. B (Dkt.
21-6).  Plaintiff never signed the Payment Agreement nor made any payments pursuant
to the Payment Agreement.

On January 11, 2021, Plaintiff sent to SUNY Fredonia a check for $ 2,362 to
return the amount Plaintiff maintains she received from SUNY Fredonia as financial aid
("the check").  Frisicaro Dec. Exh. B (Dkt. 17-7) at 5-7.  In the memo line of the check

---

[3] Taken from the pleadings and motion papers filed in this action.

Plaintiff wrote "Cash as Paid in Full." *Id.* at 6.  By letter dated July 8, 2021, Frisicaro Exh. C at 8, Lynn S. Bowers, Director of Student Accounts at SUNY Fredonia ("Bowers"), informed Plaintiff that there remained due on Plaintiff's account for the Fall 2020 semester outstanding principal of $ 1,683 ("the outstanding principal"), and that if Plaintiff's account was not paid in full by July 30, 2021, Plaintiff's account would be turned over to a collection agency and subject to interest charges[4] in addition to "collection costs of up to 22%."  The outstanding principal of $ 1,683 is the difference between the $ 4,045 unpaid balance and the $ 2,362 Plaintiff returned to SUNY Fredonia via the check.  Frisicara Dep. Tr.[5] at 44 (Dkt. 17-4 at 45).

More than one year after Plaintiff sent the check to SUNY Fredonia, the school, by letter dated March 3, 2022, advised Plaintiff that $ 1,683 remained outstanding on her account, requesting Plaintiff either remit payment or enroll in a repayment plan by March 25, 2022 to avoid further collection efforts by New York State Attorney General or a collection agency.  Frisicaro Dec. Exh. B at 8.  Plaintiff was further advised that such further collection efforts would incur interest charges and collection costs of up to 22%. By letter dated March 8, 2022, Plaintiff advised SUNY Fredonia she never "formally" attended SUNY Fredonia, and that she had returned $ 2,362 by the check dated January 11, 2021.  *Id.* at 4.  Plaintiff further wrote that by cashing the check and not disputing Plaintiff's assertion that the check represented payment in full of Plaintiff's

---

[4] It is undisputed that no interest charges were ever assessed nor did Defendant attempt to collect any interest on the subject debt.

[5] References to "Frisicaro Dep. Tr." are to the pages of the transcript of Frisicaro's April 16, 2024 deposition, filed in full as Little Dec. Exh. B (Dkt. 17-4), and in part as Plaintiff's Exh. B (Dkt. 21-6).

account, SUNY Fredonia conceded the check was payment in full of the balance due on Plaintiff's account and demanded Plaintiff's account be closed.

In a letter dated May 12, 2022 ("the Collection Letter"),[6] Mercantile Adjustment Bureau, LLC ("Defendant" or "Mercantile"), advised Plaintiff that SUNY Fredonia had retained Mercantile to collect a debt Plaintiff owed to SUNY Fredonia, *i.e.*, the unpaid balance of $ 1,683 along with a collection fee of $ 252.45 ("collection fee"), for a total of $ 1,935.45 ("subject debt").  Frisicaro Dec. Exh. A (Dkt. 17-6) at 2-3.  The Collection Letter also stated that if Plaintiff advised Defendant she was disputing the subject debt "by 06/16/2022, we must stop collection on any amount you dispute until we send you information that shows you owe the debt."  Collection Letter at 1.  In an e-mail to Defendant dated June 14, 2022 ("Plaintiff's June 14, 2022 e-mail"), Plaintiff wrote that she was including the documents she sent to SUNY Fredonia disputing the subject debt before the school sent the subject debt to a collection agency.  Frisicaro Dec. Exh. B (Dkt. 17-7) at 2.  Defendant maintains it responded to Plaintiff's June 14, 2022 e-mail by letter dated June 14, 2022 ("Validation Letter"), enclosing the documents on which Defendant relied in seeking to collect the subject debt from Plaintiff.  Frisicaro Dec. Exh. C (Dkt. 17-8).  Plaintiff denies ever receiving the Validation Letter.  Plaintiff's Dep. Tr.[7] at 18-22, 34.

On August 29, 2022, Plaintiff received a voicemail message from one "Carolyn" calling on behalf of Defendant and requesting Plaintiff return the call at the telephone number Carolyn provided.  Complaint ¶ 20.  On September 6, 2022, Plaintiff received a

---

[6] Filed as Dkt. 17-6 at 2-3.

[7] References to "Plaintiff's Dep. Tr." are to the pages of Plaintiff's April 16, 2024 deposition, filed in full as Little Declaration Exh. A (Dkt. 17-3), and in part as Plaintiff's Exh. A (Dkt. 21-5).

similar voicemail message from Jack Curwan ("Curwan"), who provided the same telephone number for Plaintiff to return the call. *Id*. ¶ 21. Plaintiff maintains that because the telephone calls were placed after Defendant received Plaintiff's e-mail disputing the subject debt, Defendant's collection efforts were in violation of the FDCPA. The voicemail messages were upsetting to Plaintiff and caused Plaintiff to experience anxiety, crying spells, and insomnia. Plaintiff does not deny she owes the outstanding principal of $ 1,683,[8] but maintains she never paid the subject debt partly because Plaintiff does not believe she owes the additional $ 252.45 collection fee. Plaintiff's Dep. Tr. at 30-31.

## DISCUSSION

Plaintiff asserts several claims pursuant to the FDCPA including (1) that despite receiving Plaintiff's June 14, 2022 e-mail disputing the subject debt, Defendant continued its debt collection efforts by contacting Plaintiff on August 29, 2022, and September 6, 2022, in violation of § 1692c(c), Complaint ¶ 31[A] ("First Claim"); (2) that Defendant failed to provide Plaintiff a letter validating the subject debt in response to Plaintiff's June 14, 2022 e-mail in violation of § 1692g(b), *id*. ¶ 31[B] ("Second Claim"), (3) that Defendant attempted to collect the collection fee despite not being owed by Plaintiff in violation of §§ 1692e, 1692e(2), 1692e(5), and 1692e(10), 1692f, and 1692f(1), *id*. ¶ 31[C] ("Third Claim"). Defendant moves for summary judgment on all Plaintiff's claims while Plaintiff cross-moves for summary judgment only with regard to

---

[8] The reason for Plaintiff's belated concession of liability on the outstanding principal of the subject debt despite Plaintiff's withdrawal from SUNY Fredonia is not provided in the record.

the Third Claim based on the collection fee, and Defendant moves to strike Plaintiff's Cross-Motion as untimely filed.

## 1.     Summary Judgment

Summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) and (b) ("Rule 56(__)"); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).  The court is required to construe the evidence in the light most favorable to the non-moving party.  *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011).  The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment. *Celotex*, 477 U.S. at 322; *see Anderson*, 477 U.S. at 247-48 ("summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party").  "A fact is material if it 'might affect the outcome of the suit under governing law.'"  *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson*, 477 U.S. at 248).

"[T]he evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions."  *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988)).  A defendant is entitled to summary judgment where "'the plaintiff has failed to come forth with evidence sufficient to permit

a reasonable juror to return a verdict in his or her favor on'" an essential element of a claim on which the plaintiff bears the burden of proof. *In re Omnicom Group, Inc., Sec. Litig.*, 597 F.3d 501, 509 (2d Cir. 2010) (quoting *Burke v. Jacoby*, 981 F.2d 1372, 1379 (2d Cir. 1992)).  Once a party moving for summary judgment has made a properly supported showing of the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor.  *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995).  "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial."  *Hayes v. New York City Dept. of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

"[C]ourts must refrain from assessing competing evidence in the summary judgment record and avoid making credibility judgments."  *Saeli v. Chautauqua Cnty., NY*, 36 F.4th 445, 456 (2d Cir. 2022) (citing *Green v. Town of East Haven*, 952 F.3d 394, 406 (2d Cir. 2020)).  To defeat summary judgment, however, "'there must be evidence on which the jury could *reasonably* find for the [non-moving party].'"  *Id*. at 456 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (italics in *Saeli*).  "Moreover, we are not required to assume the truth of testimony 'so replete with inconsistencies and improbabilities that a reasonable jury could not [base a favorable finding on it].'"  *Id*. at 457 (quoting *Jeffreys v. City of New York*, 426 F.3d 549, 553–55 (2d Cir. 2005)).

Preliminarily, the court addresses Defendant's Motion to Strike Plaintiff's Cross-Motion as untimely filed.  In support of the motion, Defendant argues that although the

October 2, 2024 Text Order (Dkt. 18) provides for Plaintiff to file her response to Defendant's Motion by November 1, 2024, which was later extended by Text Order filed October 30, 2024 (Dkt. 20) to November 11, 2024, nothing in either Text Order permitted Plaintiff to cross-move for partial summary judgment beyond the October 15, 2024 dispositive motion deadline established by the April 19, 2024 Amended Scheduling Order (Dkt. 16), nor has Plaintiff shown any good cause for modifying the Amended Scheduling Order as required by Fed.R.Civ.P.16(b)(4).  Defendant's Memorandum – Motion to Strike at 2-3.  In opposition to the motion, Plaintiff argues that in an unrelated FDCPA case filed in this court, *Foster v. National Recovery Agency*, 17-CV-00006-LJV-HKS ("*Foster*"), the defendant filed a cross-motion for summary judgment, *Foster*, Dkt. 41-14, on March 5, 2020, more than four months after the plaintiff, also represented by Mr. Andrews, filed a motion for summary judgment on the deadline for filing dispositive motions, *i.e.*, October 28, 2019.  *Foster*, Dkt. 28.  The cross-motion was filed in combination with the defendant's opposition to the plaintiff's motion on the deadline for responding in opposition to plaintiff's motion.  *Foster*, Dkt. 41.  On April 2, 2020, the plaintiff moved to strike the cross-motion as untimely filed.  *Foster*, Dkt. 42.  In a text order filed April 3, 2020, the plaintiff's motion to strike was denied without any explanation as to why the court was allowing the belated motion to proceed.  *Foster*, Dkt. 43. Plaintiff thus relies on *Foster* for the proposition that a cross-motion for summary judgment filed on the deadline for responding in opposition to a motion for summary judgment is timely.  Plaintiff's Response – Motion to Strike at 1-2.  Plaintiff argues in the alternative that the court has the inherent authority to grant summary judgment in favor of the non-movant.  *Id*. at 2-3.  In reply, Defendant argues that *Foster*

does not establish precedent in this court, Defendant's Reply – Motion to Strike at 1-2, that Plaintiff does not deny failing to seek an extension of time to file the cross-motion for which no good cause for an extension has been shown, *id*. at 2, and that Plaintiff's Cross-Motion fails on the merits because Plaintiff has not established as a matter of law that Defendant's attempts to collect the collection fee violated any provisions of § 1692e or § 1692f.  *Id*. at 3.

As Defendant argues, Plaintiff's reliance on the text order entered in *Foster* denying the plaintiff's motion to strike a cross-motion for summary judgment that was filed on the deadline for responses to the plaintiff's summary judgment motion, which was more than four months after the deadline for dispositive motions, does not establish precedent for similar motions in this court.  *See United States v. Stevens*, 857 Fed.Appx.44, 45 (2d Cir. 2021) ("district courts are not bound by the decisions of other district courts") (citing *Camreta v. Greene*, 563 U.S. 692, 709 n. 7 (2011) ("'A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.'" (quoting 18 J. Moore *et al.*, Moore's Federal Practice § 134.02[1] [d], p. 134-26 (3d ed. 2011)))). Further, the use of a text order to deny the motion to strike the cross-motion deprives the court of discerning the basis for the decision to permit the belatedly filed motion to proceed.

Nevertheless, "[w]hile [a court] may strike a cross-motion for summary judgment when the moving party does not meet the deadline for filing dispositive motions," *Shantou Real Lingerie Mfg. Co. v. Native Grp. Int'l*, 401 F. Supp. 3d 433, 437 n.3 (S.D.N.Y. 2018), courts in this Circuit have exercised their discretion to consider an

untimely cross-motion for summary judgment where the issues it presents are "coextensive" with those raised in the opposing party's motion for summary judgment. *Fin. Fed. Credit, Inc. v. Crane Consultants, LLC*, 21 F. Supp. 3d 264, 269 (W.D.N.Y. 2014); *see also* Fed.R.Civ.P.56(f)(1), (3) (authorizing a court to grant summary judgment for a nonmovant or consider summary judgment *sua sponte*). The opposing party suffers little prejudice in that situation, as it cannot claim to have been unaware of or surprised by the court's consideration of those issues. *See Tackman v. Goord*, 2005 WL 2347111, at *34 (W.D.N.Y. Sept. 26, 2005). To the extent the cross-motion is meritorious, consideration of the cross-motion narrows the issues for trial and ensures that claims are resolved on their merits. *See Hahnel v. United States*, 782 F. Supp. 2d 20, 30-31 (W.D.N.Y. 2011); *Shantou*, 401 F. Supp. 3d at 437 n.3; *Fin. Fed. Credit*, 21 F. Supp. 3d at 269.

In the instant case, because Plaintiff's Cross-Motion addresses the same issues raised in Defendant's Motion, *i.e.*, the specific FDCPA violations alleged by Plaintiff, see Discussion, *supra*, at 7, such issues will be evaluated regardless of whether Plaintiff's Cross-Motion is rejected as untimely filed. Discovery is complete and the factual record is fully developed permitting the court to determine, as a matter of law, whether Plaintiff is entitled to summary judgment on Plaintiff's Cross-Motion. Significantly, Plaintiff's Memorandum is filed both in opposition to Defendant's Motion as well as in support of Plaintiff's Cross-Motion, and Defendant filed a memorandum of law opposing Plaintiff's Cross-Motion, *see* Defendant's Response (Dkt. 26), such that Defendant cannot establish it did not have notice of Plaintiff's arguments seeking summary judgment in favor of Plaintiff. Under these circumstances, the interests of judicial economy and

fairness to the parties militate in favor of consideration of Plaintiff's Cross-Motion and Defendant's Motion to Strike is DENIED.

Alternatively, "the court is permitted to grant summary judgment in favor of the non-movant, so long as the party against whom judgment is entered has been provided with notice and a reasonable time to respond." *Wierzbic v. Howard*, 331 F.R.D. 32, 49 (W.D.N.Y. 2019) (quoting Fed.R.Civ.P. 56(f)(1) ("After giving notice and a reasonable time to respond, the court may ... grant summary judgment for a nonmovant ....")), *aff'd* , 836 Fed.Appx. 31 (2d Cir. 2020). Further, Fed.R.Civ.P. 1 "requires the court and the parties construe, administer, and employ the Federal Rules of Civil Procedure 'to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Id*. (quoting Fed.R.Civ.P. 1).

"'Prior to granting summary judgment in favor of a non-movant, the court must assure 'that the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried.'" *Wierzbic*, 331 F.R.D. at 49 (quoting *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011) (observing court may grant summary judgment *sua sponte* after determining "the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried." (quoting *Schwan-Stabilo Cosmetics GmbH & Co. v. Pacificlink Int'l Corp.*, 401 F.3d 28, 33 (2d Cir. 2005)))). "'Discovery must either have been completed, or it must be clear that further discovery would be of no benefit. The record must, therefore, reflect the losing party's inability to enhance the evidence supporting its position and the

winning party's entitlement to judgment.'" *Id*. (quoting *Federal Ins. Co. v. Zurich American Ins. Co.*, 445 Fed.Appx. 405, 407 (2d Cir. 2011))) (further quotation omitted).

In the instant case, as discussed above, Discussion, *supra*, at 12, the completion of discovery and fully developed facts permits the court to determine, as a matter of law, whether Plaintiff, as the non-movant to Defendant's Motion, is entitled to summary judgment. That Defendant filed a response to Plaintiff's Memorandum filed both in opposition to Defendant's Motion and in support of Plaintiff's Cross-Motion establishes Defendant had notice of Plaintiff's arguments seeking summary judgment in favor of Plaintiff. Accordingly, Defendant's Motion to Strike is, in the alternative, DISMISSED as moot.

## 2.    FDCPA

Plaintiff's claims are brought pursuant to the FDCPA which prohibits debt collectors from using deceptive practices in the collection of debts. *See Llewellyn v. Asset Acceptance, LLC*, 669 Fed.Appx. 66, 67 (2d Cir. 2016) (the FDCPA "prohibit[s] deceptive debt collection and reporting practices"). The FDCPA regulates interactions between "debt collectors" and debtors, referred to as "consumers." *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 134 (2d Cir. 2010) ("*Ellis*"). "[T]o establish a violation of the FDCPA, '(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements.'" *Anzelone v. ARS Nat'l Servs., Inc.*, 2018 WL 3429906, at * 3 (E.D.N.Y. July 16, 2018) (quoting *Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015) (quoting *Plummer*

*v. Atl. Credit & Fin., Inc.*, 66 F. Supp. 3d 484, 488 (S.D.N.Y. 2014)), and citing *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 225 (D. Conn. 2014)).  Because the FDCPA is a strict liability statute, a plaintiff need not show intentional conduct by the debt collector "'and the degree of a defendant's culpability may only be considered in computing damages.'"  *Ellis*, 591 F.3d at 135 (quoting *Bentley v. Great Lakes Collection Bureau, Inc.*, 6 F.3d 60, 63 (2d Cir. 1993)).

"In evaluating potential violations of the FDCPA, the court must use an objective standard based on whether the 'least sophisticated consumer' would be deceived by the collection practice."  *Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232, 236 (2d Cir. 1998) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993) ("*Clomon*")).  "The least sophisticated consumer test is an objective inquiry directed toward 'ensur[ing] that the FDCPA protects all consumers, the gullible as well as the shrewd.'"  *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012) (quoting *Clomon*, 988 F.2d at 1318).  "While protecting those consumers most susceptible to abusive debt collection practices, this Court has been careful not to conflate lack of sophistication with unreasonableness."  *Ellis*, 591 F.3d at 135 (quoting *McStay v. I.C. System, Inc.,* 308 F.3d 188, 190–91 (2d Cir. 2002) ("[T]his Court has ... made clear that 'in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness.'") (further internal quotation omitted)).  Accordingly, "'the FDCPA does not aid plaintiffs whose claims are based on bizarre or idiosyncratic interpretations of collection notices,'" *id*. (quoting *Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85, 90 (2d Cir. 2008)) (further internal quotation omitted), with some courts holding "that 'even the least sophisticated consumer can be presumed to

possess a rudimentary amount of information about the world . . . .'" *Id.* (quoting *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) (further internal quotation omitted). "Employing the least sophisticated consumer standard 'ensures the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices.'" *Arias v. Gutman, Mintz, Baker and Sonnenfeldt LLP*, 875 F.3d 128, 135 (2d Cir. 2017) ("*Arias*") (quoting *Clomon*, 988 F.2d at 1320).

### A.    First and Second Claims

Here, Plaintiff does not oppose Defendant's Motion and has withdrawn her First and Second Claims asserting violations of the FDCPA based on Defendant's alleged failure to cease communications after receipt of Plaintiff's June 14, 2022 e-mail disputing the subject debt in violation of § 1692c(c), and that Defendant failed to provide Plaintiff with a validation letter regarding the subject debt in violation of § 1692g(b), *i.e.*, the June 14, 2022 Validation Letter. Plaintiff's Memorandum at 2. Nor does Plaintiff deny that she owes the outstanding principal of $ 1,683. *See* Plaintiff's Dep. Tr. at 31. Summary judgment on Defendant's Motion thus is DISMISSED as moot both as to the First and Second Claims and insofar as Defendant seeks to collect the outstanding principal of the subject debt of $ 1,683.

### B.    Third Claim

Plaintiff's withdrawal of her First and Second Claims leaves for the court's discussion in connection with both Defendant's Motion and Plaintiff's Cross-Motion only Plaintiff's Third Claim asserting that Defendant attempted to collect a collection fee in excess of what is legally permitted in violation of §§ 1692e, 1692e(2), 1692e(5), and

1692e(10), 1692f and 1692f(1).[9]  The Third Claim specifically challenges the amount of the collection fee exceeds what Defendant can justify based on the amount of time Defendant concedes was spent working on Plaintiff's collection case in violation of New York State Finance Law § 18[5] ("§ 18[5]"), and that Defendant's unlawful attempt to collect the collection fee also violated §§ 1692e, 1692e(2), 1692e(5), and 1692e(10) prohibiting the use of false, deceptive, or misleading representations or means in connection with debt collection, Plaintiff's Memorandum at 5-7, as well as the FDCPA's "catch all" provision, *i.e.*, 15 U.S.C. §§ 1692f and 1692f(1), prohibiting the use of unfair or unconscionable means to collect any debt.  *Id*. at 8-10.  These provisions make it unlawful for a debt collector to use in connection with attempts to collect a debt any means or representations that are "unfair or unconscionable. . . ."  15 U.S.C. §§ 1692e, 1692f.

As relevant here based on Plaintiff's claims, the FDCPA prohibits "[t]he false representation of - - (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt," 15 U.S.C. § 1692e(2), "the threat to take any action that cannot legally be taken . . .," 15 U.S.C. § 1692e(5), "the use of any false representation or deceptive means to collect or attempt to collect any debt . . .," 15 U.S.C. § 1692e(10), and "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation), unless such amount is

---

[9] Plaintiff's concession that she owes the outstanding principal does not preclude Plaintiff from challenging the legality of the collection fee.  *See Toohey v. Portfolio Recovery Associates, LLC*, 2016 WL 4473016, at * 7 n. 10 (S.D.N.Y. (Aug. 22, 2016) (noting the plaintiff's concession that she owed the debt sought by the defendant debt collector did not preclude the plaintiff from maintaining a cause of action for a violation of the FDCPA) (citing *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 307 (2d Cir. 2003) (quoting *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) ("[T]he plaintiff who admittedly owes a legitimate debt has standing to sue if the Act is violated by an unprincipled debt collector."))).

expressly authorized by the agreement creating the debt or permitted by law."  15

U.S.C. § 1692f(1).  It is on these provisions that Plaintiff relies in arguing that the law on

which Defendant relies in assessing the collection fee, N.Y. State Finance Law § 18[5],

does not permit the collection of such fee in excess of the amount actually expended by

Defendant in attempting to collect the subject debt.  Plaintiff's Memorandum at 4-10.

Accordingly, the court considers first whether, as a matter of law, the collection fee was

in excess of what Defendant was permitted to collect under § 18[5] and, if so, whether

Defendant's attempt to collect such fee violated the FDCPA.

### 1.    N.Y. State Finance Law § 18[5]

As relevant here, Plaintiff claims violations of §§ 1692e, 1692e(2), 1692e(5),

1692e(10), 1692f, and 1692f(1) based on Defendant's attempt to collect the $ 252.45

collection fee to which it was not legally entitled under N.Y. State Finance Law § 18[5].

Complaint ¶¶ 15-16.  Defendant maintains it was entitled to the disputed collection fee

pursuant to an agreement with SUNY Fredonia permitting the collection of a fee equal

to 15% of a debt owed to the school and authorized by N.Y. State Finance Law § 18[5],

which pertains the collection of monies owed to the state.  Defendant's Memorandum at

8-10; Defendant's Reply at 2-4.  In opposition, Plaintiff does not challenge the

applicability of § 18[5], or that the $ 252.45 collection fee is within the 22% statutory

amount permitted as a collection fee; rather, Plaintiff maintains that Defendant

overlooks the last line of § 18[5] requiring the agency assessing the collection fee

provide an estimated cost of processing, handling and collecting the debt.  Plaintiff's

Memorandum at 6.  According to Defendant, because the $ 252.45 collection fee is only

15%[10] of the outstanding principal, Defendant's collection the fee is within the

parameters of § 18[5].  Defendant's Reply at 2-4.

N.Y. State Finance Law § 18 governs the interest and collection fees assessed

on debts owed to state agencies.[11]  *Commissioners of State Ins. Fund v. Brooklyn*

*Barber Beauty Equip.*, 740 N.Y.S.2d 180, 188-89 (Civ. Ct. 2001) ("*Brooklyn Barber*

*Beauty Equip.*").  Relevantly, § 18[5] provides that

> In addition to the charges referred to in subdivision four of this section, and
> unless provided otherwise by contract, statute or regulation, a debtor that fails to
> make payment of a debt subject to this section within ninety days of receipt by
> the debtor of the first billing invoice or notice may be assessed an additional
> collection fee charge to cover the cost of processing, handling and collecting
> such debt, not to exceed twenty-two percent of the outstanding debt, which
> collection fee shall be added to and payable in the same manner as the
> outstanding debt.  *The assessed collection fee charge may not exceed the
> agency's estimated cost of processing, handling and collecting such debt*.

N.Y. State Fin. Law § 18 [5] (McKinney 2009) (italics added).

According to Plaintiff, not only did Defendant never provide an estimate of

Defendant's cost of collecting the outstanding principal, but $ 252.45 assessed

collection fee far exceeds the amount Defendant expended in its collection efforts.

Plaintiff's Memorandum at 4-6.  In opposition to Plaintiff's arguments, Defendant repeats

its assertion that the 15% collection fee is below the maximum 22% of the principal

balance that § 18[5] permits a debt collector to collect as a collection fee, Defendant's

---

[10] Although a simple calculation shows that $ 252.45 is 15% of $ 1,683 ($ 1,683 X 15%), for unexplained
reasons, Plaintiff refers to the $ 252.45 collection fee as "13%" of the outstanding debt.  Plaintiff's
Memorandum at 4.

[11] Defendant does not dispute that § 18[5] is applicable to SUNY Fredonia, as a unit within the State
University of New York ("SUNY"), an agency of New York State.  *See Acquaah v. State University of New
York Health Science Center at Brooklyn*, 199 F.3d 1321, 1321 (2d Cir. 1999) ("SUNY, as a state agency,
enjoys Eleventh Amendment immunity" (citing *Dube v. State Univ. of New York*, 900 F.2d 587, 594 (2d
Cir. 1990) (considering SUNY to be a state agency)); *Alderson v. New York State College of Agriculture
and Life Sciences at Cornell University*, 825 N.E.2d 585, 586 (N.Y. 2005) ("SUNY, a public university, is a
state agency . . . .").

Reply at 3-4, and that the 15% collection fee was set by SUNY Fredonia and was "presumably" added to Plaintiff's account to offset Defendant's collection cost. *Id.* Defendant further maintains that Plaintiff was made aware by the July 8, 2021 letter (Dkt. 17-8 at 8), that Plaintiff's failure to remit payment in full on her account would result in the transfer of her account to a collection agency as well as the assessment of a collection fee in the maximum amount of 22% of the subject debt, and that Plaintiff has not identified any specific conduct supporting Plaintiff's assertion that the assessment and attempt to collect the collection fee violated the FDCPA. *Id.* at 9-10.

Defendant does not address the crux of Plaintiff's argument on this point, *i.e.*, that despite § 18[5] authorizing the collection fee in an amount not to exceed 22% of the outstanding debt, "[t]he assessed collection fee charge may not exceed the agency's estimated cost of processing, handling and collecting such debt. . . ." N.Y. State Finance Law § 18[5]. Significantly, in support of her argument, Plaintiff relies on deposition statements by Frisicaro admitting that Defendant's employee, Jack Curwan, to whom the collection of the subject debt was assigned, first reviewed Plaintiff's account at 7:45 A.M. on May 12, 2022, and again at 8:30 A.M. that same day when Curwan placed a telephone call to Plaintiff and left a message on Plaintiff's voicemail. Plaintiff's Memorandum at 4 (citing Frisicaro Dep. Tr. at 32-36). Plaintiff thus surmises Curwan spent at most, one hour on Plaintiff's account. *Id.* Later that day, Defendant used a third party vendor to send Plaintiff the Collection Letter to Plaintiff. *Id.* Based on Frisicaro's deposition testimony that Curwan was then paid an hourly rate of $ 17.50, and that the cost of sending Plaintiff the Collection Letter was less than $ 10, the

$ 252.45 collection fee is well in excess of the amount, $ 27.50, Defendant actually expended in attempting to collect Plaintiff's debt.[12]  *Id*.  Defendant points to no evidence calling into question the accuracy of Frisicaro's deposition statements, nor is there any evidence that Defendant otherwise provided Plaintiff with an "estimated cost of the processing of, handling and collecting" the subject debt as required.  N.Y. State Finance Law § 18[5].

Accordingly, the undisputed evidence establishes that, as a matter of law, the $ 252.45 collection fee exceeds the amount Defendant actually expended in attempting to collect the subject debt in violation of § 18[5], and that Defendant failed to provide Plaintiff with an estimate of such costs as required by § 18[5].  The court thus next considers whether Defendant's attempt to collect the collection fee violated §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, or 1692f(1).

### 2.    § 1692e

As the Second Circuit observed, "Section § 1692e prohibits debt collectors from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt,' including, as relevant here, misrepresenting the 'character, amount, or legal status' of a debt; threatening to 'take any action that cannot legally be taken'; or threatening a debtor with arrest, imprisonment, or seizure of property if the debtor fails to make a payment."  *Arias v. Gutman, Mintz, Baker and Sonnenfeldt LLP*, 875 F.3d 128, 135 (2d Cir. 2017) ("*Arias*") (quoting and citing 15 U.S.C. § 1692e).  The Second Circuit explained that "the standard is objective, 'pays no attention to the

---

[12] Neither Plaintiff nor Defendant addresses the time spent placing the subsequent telephone calls by Carolyn on August 29, 2022, and by Curwan on September 6, 2022, presumably because the calls occurred after the $ 252.45 collection fee was assessed.

circumstances of the particular debtor in question,' and asks only 'whether the
<u>hypothetical</u> least sophisticated consumer could reasonably interpret' the representation
in a way that is inaccurate." *Id*. (quoting *Easterling v. Collecto, Inc.*, 692 F.3d 233, 234
(2d Cir. 2012)) (emphasis in *Arias*).  Section 1692e provides a non-exhaustive list of 16
practices prohibited including, as alleged in the Complaint, "[t]he false representation of
- - (A) the character, amount, or legal status of any debt; or (B) any services rendered or
compensation which may be lawfully received by any debt collector for the collection of
a debt," 15 U.S.C. § 1692e(2), "the threat to take any action that cannot legally be taken
. . .," 15 U.S.C. § 1692e(5), and "the use of any false representation or deceptive means
to collect or attempt to collect any debt . . .." 15 U.S.C. § 1692e(10).

### a.    § 1692e(2)

Section 1692e(2) prohibits debt collectors from making any "false representation
of the character, amount, or legal status of any debt," 15 U.SC. § 1692e(2)(A), as well
as the "false representation of . . . any services rendered" by the debt collector in
attempting to collect the debt.  15 U.S.C. § 1692e(2)(B).  Whether § 1692e(2) has been
violated is determined pursuant to the least sophisticated consumer standard.  *Cortez v.
Foster & Garbus, LLP*, 999 F.3d 151, 154 (2d Cir. 2021) (citing *Clomon*, 988 F.2d at
1319).  Here, Defendant falsely represented in the May 12, 2022 Collection Letter that
in addition to the $ 1,683 unpaid principal balance Plaintiff also owed the $ 252.45
collection fee as a legitimate additional charge.

With regard to § 1692e(2)(A), "'[a] debt collector that inflates the amount of the
debt, whether through unauthorized service fees or otherwise, violates this provision of
the FDCPA.'"  *Fed. Trade Comm'n v. Fed. Check Processing, Inc.*, 2016 WL 5956073,

at * 9 (W.D.N.Y. 2016) (quoting *Gathuru v. Credit Control Servs., Inc.*, 623 F. Supp. 2d

113, 122 (D. Mass. 2009) (concerning § 1692e(2)(A)), *report and recommendation*

*adopted*, 2016 WL 5940485 (W.D.N.Y. Oct. 13, 2016), *aff'd sub nom. Fed. Trade*

*Comm'n v. Moses*, 913 F.3d 297 (2d Cir. 2019).  In the instant case, Defendant's

inclusion in the May 12, 2022 Collection Letter of the $ 252.45 collection fee, assessed

in violation of § 18[5], wrongly inflated the subject debt in violation of § 1692e(2)(A).

Accordingly, summary judgment on Plaintiff's Third Claim based on a violation of §

1692e(2)(A) should be GRANTED in favor of Plaintiff and DENIED as to Defendant.

A violation of § 1692e(2)(B) occurs when a defendant attempts to collect a

collection fee without any legal basis for imposing the fee.  *See Tragianese v.*

*Blackmon*, 993 F.Supp. 96, 99 & n. 3 (D.Conn. 1997) (granting plaintiff summary

judgment on § 1692e(2)(B) claim based on defendant debt collector's sending collection

letter attempting to collect $ 20 collection fee without any legal basis for imposing the

fee).  Similarly, here, Defendant's attempt to collect from Plaintiff the $ 252.45 collection

fee in violation of § 18[5] violated § 1692e(2)(B).  Summary judgment on Plaintiff's Third

Claim based on a violation of § 1692e(2)(B) thus should be GRANTED in favor of

Plaintiff and DENIED as to Defendant.

Summary judgment thus should be GRANTED in favor of Plaintiff on the Third

Claim based on Defendant's violations of both § 1692e(2)(A) and § 1692e(2)(B).

### b.    § 1692e(5)

"The threat to take any action that cannot legally be taken or that is not intended

to be taken" is prohibited by 1692e(5).  A false threat exists where the least

sophisticated consumer "would interpret the [debt collector's] language to mean that

legal action was authorized, likely, and imminent." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993). In the instant case, the only communications from Defendant to Plaintiff are the Collection Letter, the May 12, 2022 voicemail message from Curwan, and the two subsequent voicemails left by "Carolyn" on August 29, 2022, and by Curwan on September 6, 2022.[13]

A thorough reading of the May 12, 2022 Collection Letter shows it simply advises Plaintiff that Defendant is a debt collector who is trying to collect a debt Plaintiff owes to SUNY Fredonia, states the amount owed including the outstanding principal balance and the collection fee, and advises Plaintiff of her right to dispute the subject debt including the means to do so. Collection Letter at 1-2. The Collection Letter further advises that if Plaintiff disputed the subject debt in writing by June 16, 2022, Defendant was required to stop collection efforts until Defendant had information showing Plaintiff owed the debt, *id*. at 1, and that the subject debt "may periodically increase due to the addition of accrued interest as provided in your agreement with the original creditor or as otherwise provided by law." *Id*. at 2. Significantly, nothing within the Collection

---

[13] With regard to the June 14, 2022 Validation Letter (Dkt. 17-8 at 3), not only does the letter not threaten any imminent legal action against Plaintiff, instead, serving only as a cover letter accompanying the documents Defendant received from SUNY Fredonia and on which Defendant relies in seeking to collect the subject debt, but Plaintiff also denies ever receiving the letter, Plaintiff's Dep. Tr. at 18-22, despite admitting that the address on the Validation Letter was for Plaintiff's residence where Plaintiff had lived most of her life, including at the time relevant to this action, and that Plaintiff was unaware of any other instances where Plaintiff did not receive mail at the address. *Id*. at 20-23, 34. Defendant, however, need not prove that Plaintiff received the Validation Letter, but only that Defendant sent it because pursuant to the so-called "mailbox rule," the letter is presumed to have been received within three days of mailing. *See Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) (recognizing that "there is a presumption that a notice provided by a government agency was mailed on the date shown on the notice," and "that a mailed document is received three days after its mailing."). *See also Zirogiannis v. National Recovery Agency, Inc.*, 2015 WL 8665448, at * 7 (E.D.N.Y. Dec. 11, 2015) (observing the mailbox rule has been applied in the context of FDCPA claims including the receipt of a validation letter) (quoting, *inter alia*, *Moore v. Blatt, Hasenmiller, Leibsker, and Moore, LLC*, 2006 WL 1806195, at * 9-10) (C.D.Ill. June 29, 2006) ("Pursuant to the mailbox rule . . . there is no genuine issue of material fact that [defendant] sent the initial demand letter containing the requisite validation notice to the Plaintiff on January 2, 2004.")).

Letter can be construed by the least sophisticated consumer as threatening "legal action that was authorized, likely, and imminent." *See*, *e.g.*, *Bentley*, 6 F.3d at 62 (remanding action to lower court that granted summary judgment in favor of defendant debt collector who violated § 1692e(5) by sending the plaintiff two computer-generated letters advising the creditor had instructed the debt collector to use any legal means necessary to collect an outstanding debt, which means could include obtaining a judgment, execution upon the plaintiff's real and personal property, and garnishment of wages); *Pena v. Channer LLC*, 2023 WL 5198795, at *4 (W.D.N.Y. Aug. 14, 2023) (entering default judgment against defendant debt collector who violated § 1692e(5) by leaving the plaintiff two voicemails threatening litigation over the plaintiff's personal debts); and *Levy v. Law Offices of J. Henry Nierman*, 2022 WL 17542418, at * 8 (S.D.N.Y Dec. 8, 2022) (finding defendant debt collector violated § 1692e(5) by serving the plaintiff with a subpoena threatening imminent, legal action by commanding the plaintiff to appear for a deposition on short notice and to produce documents for examination, and that the failure to comply with such requests would be punishable as contempt of court).

With regard to the voicemail messages, Plaintiff does not provide any description of the May 12, 2022 voicemail and, thus, cannot establish as a matter of law that such messages threatened any legal action. The two subsequent voicemail messages by Carolyn on August 29, 2022, and by Curwan on September 6, 2022, merely identify the caller and ask that Plaintiff return the calls at the provided telephone number. Accordingly, neither of these two voicemail messages violated § 1692e(5). Plaintiff thus fails to point to any evidence establishing Defendant ever threatened her with any

imminent, legal action.  Accordingly, summary judgment on Plaintiff's Third Claim based on § 1692e(5) should be GRANTED in favor of Defendant and DENIED as to Plaintiff.

### c.    § 1692e(10)

Similarly, in the instant case, Plaintiff's § 1692e(10) claim is based on the inclusion in the Collection Letter the collection fee to which this court has found Defendant is not entitled.  Because Plaintiff does not dispute owing the outstanding principal of $ 1,683, her § 1692e(10) claim is based only on Defendant's attempt to collect the collection fee.  Conduct that violates § 1692e(10) includes "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).  In *Chaperon v. Sontag & Hyman, PC*, 819 Fed.Appx. 61 (2d Cir. 2020) ("*Chaperon*"), the Second Circuit affirmed the district court's dismissal for failure to state a § 1692e(10) claim that was based on the defendant debt collector's failure to include in a notice required by 15 U.S.C. § 1692g ("1692g__"), certain information about the subject debt including that the plaintiff could dispute either the entire subject debt or only a portion of the debt.[14] *Chaperon*, 819 Fed.Appx. at 62.  The Second Circuit held that despite failing to incorporate into the notice § 1692g's language advising that a consumer has 30 days after receipt of the notice to dispute the validity of the debt, "or any portion thereof," 15 U.S.C. § 1692g(3) and (4), "a debt collector's failure to use the FDCPA's precise language in its notices is not a violation, as there is no requirement in the statute that any of its provisions be quoted verbatim."  *Id*. at 62 (citing *Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 808 (2d Cir. 1989)).

---

[14] Here, the Collection Letter is the statutorily required notice pursuant to § 1692g.

Here, the Collection Letter specifically advises Plaintiff of her right to dispute the collection of the fee.  Accordingly, Plaintiff does not have a claim under § 1692e(10).  Summary judgment on Plaintiff's Third Claim based on an alleged violation of § 1692e(1) thus should be GRANTED as to Defendant and DENIED as to Plaintiff.

### 3.   § 1692f

Having found Plaintiff can recover under § 1692e(2)(A) and (B) for Defendant's attempt to recover the collection fee, the court considers whether Plaintiff can also recover for a violation of § 1692f which prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," including an unexhausted list of eight unlawful practices.  Preliminarily, the court addresses Defendant's argument that insofar as Plaintiff's Third Claim is based on §§ 1692f and 1692f(1), it should be dismissed because it is based on the same alleged unlawful conduct underlying Plaintiff's Third Claim pursuant to §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).  Defendant's Memorandum at 11.  In opposition, Plaintiff argues §§ 1692e and 1692f are mutually exclusive such that a violation of one does not preclude a violation of the other.  Plaintiff's Memorandum at 8-9.  Defendant does not argue in further support of this contention.

Congress, in recognition that "it could not anticipate every improper practice used by debt collectors," enacted § 1692f to "catch conduct not otherwise covered by the FDCPA."  *Okyere v. Palisades Collection, LLC*, 961 F.Supp.2d 522, 531 (S.D.N.Y. 2013).  As such, § 1692f is a "catch-all" provision for a cause of action only where a defendant's conduct both is "unfair or unconscionable," and is not already covered by another FDCPA provision.  *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643,

667 (S.D.N.Y. 2006) (dismissing plaintiff's § 1692f claim for which the complaint did not identify any other conduct beyond that which the plaintiff asserted violated other provisions of the FDCPA).

In *Arias*, on which Plaintiff relies, Plaintiff's Memorandum at 8-9, the Second Circuit clarified that despite some apparent overlap of the protections §§ 1692e and 1692f afford consumers against abuse by debt collectors, "[e]ach section primarily targets a different type of misconduct. . . ." *Arias*, 875 F3d at 135. Specifically, § 1692e "mainly targets practices that take advantage of a debtor's naivete or lack of legal acumen," whereas § 1692f "is aimed at practices that give the debt collector an unfair advantage over the debtor or are inherently abusive." *Id*. at 136. As such, an unfair collection practice need not necessarily be deceptive, nor must a deceptive collection practice be unfair, and a collection practice also could be both deceptive and unfair. *Id*. (citing *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533-34 (6th Cir. 2014)). Plaintiff thus can prevail on her Third Claim under both § 1692e and § 1692f if she can establish Defendant engaged in a collection practice that was both deceptive and unfair. There thus is no merit to Defendant's argument that recovery under both §§ 1692e and 1692f based on the same conduct is prohibited and the court turns to the merits of Plaintiff's Third Claim based on § 1692f.

### a.    § 1692f(1)

Because § 1692f, like § 1692e, provides a non-exhaustive list of specifically prohibited practices, the court first addresses whether Plaintiff is entitled to summary judgment based on a violation of § 1692f(1), which is the only specifically listed prohibited practice Plaintiff maintains Defendant violated in attempting to collect the

collection fee.  *See* Complaint ¶ 31[C]; Plaintiff's Memorandum at 1, 2. 8-9.  As relevant

here, Plaintiff's Third Claim alleges a violation of § 1692f(1) which prohibits "[t]he

collection of any amount (including any interest, fee, charge, or expense incidental to

the principal obligation) unless such amount is expressly authorized by the agreement

creating the debt or permitted by law."  The Second Circuit has observed that § 1692f(1)

prohibits only the *collection* of any amount incidental to the principal obligation including,

*inter alia*, a fee, but does not speak to a debt collector's *attempt* to collect such fee.

*Bank v. Cooper, Paroff, Cooper & Cook*, 356 Fed.Appx. 509, 511 (2d Cir. 2009)

(summary order) ("*Bank*") (holding a defendant debt collector's inclusion in a debt

payment demand notice for non-payment of rent a $ 35 fee for a bad check when the

lease agreement permitted defendant to recover only $ 25 as a bad check fee did not

violate § 1692f(1) because the collection fee was never actually collected), *cert. denied*,

562 U.S 830 (2010).  Although *Bank* is an unpublished summary order, it points out a

salient distinction between § 1692f's general prohibition against the use or attempted

use of unfair or unconscionable means to collect any debt, and the fact that § 1692f(1)

prohibits only the actual collection of, *inter alia*, an unauthorized fee incidental to the

principal obligation.  *Bank*, 356 Fed.Appx. at 511.  The Second Circuit's statutory

construction limiting § 1692f(1) to the actual collection of an unauthorized fee is

consistent with other separately enumerated types of conduct made unlawful under §

1692f including § 1692f(4) which prohibits both the "depositing" and "threatening to

deposit" a postdated check, and § 1692f(6) which prohibits the "taking" or "threatening

to take" nonjudicial action to dispossess or disable property of the debtor.  In the instant

case, Defendant's inclusion in the Collection Letter of the collection fee, which

Defendant has never collected, did not violation § 1692f(1), and Plaintiff may not recover for a violation of that provision.

The court observes that the cases Plaintiff references as supporting her Third Claim pursuant to § 1692f(1), Plaintiff's Memorandum at 5, 9-10, are factually distinguishable from the instant case. Specifically, in *Brooklyn Barber Beauty Equip.*, although the court held that the debt collector could not recover a debt collection fee in excess of the actual costs of recovery, relief was not sought under §§ 1692f or 1692f(1) and thus neither provision was considered by the court. *Brooklyn Barber Beauty Equip.*, 740 N.Y.S.2d at 188-89. In *Padilla v. Payco General American Credits, Inc.*, 161 F.Supp.2d 254, 276 (S.D.N.Y. 2001), the court granted the plaintiff debtor summary judgment on a § 1692f claim where the defendant sought to collect a fee in excess of the statutory limit of 18% of outstanding debt permitted by the relevant law, specifically, the federal Higher Education Act, 20 U.S.C. § 1071 *et seq*. Plaintiff also references other cases that either are not from courts within the Second Circuit and thus without any binding authority here, *see Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606, 610 (11th Cir. 2014), *Kojetin v. C U Recovery, Inc.*, 212 F.3d 1318 (8th Cir. 2000), *Genova v. IC System, Inc.*, 2017 WL 2289289, at *3 (N.D.Ill. 2017) (finding the plaintiff stated a claim under § 1692f(1) where the defendant attempted to collect a collection fee before the costs of collection were actually incurred); and *Richard v. Oak Tree Group, Inc.*, 614 F.Supp.2d 814 (W.D.Mich. 2008), or were not based on violations of § 1692f(1), including *Annunziato v. Collecto, Inc.*, 207 F.Supp.3d 249, 261 (E.D.NY. 2016) (granting the plaintiff summary judgment under § 1692f because collection fees and costs sought by the defendant did not reflect the actual collection costs and the

defendant was not entitled to such costs until after the debt was collected).  Insofar as

any of these cases refer to the defendant debt collector's "attempt" to collect a fee in

violation of § 1692f(1), which pertains only to the actual collection of a fee to which a

debt collector is not entitled either pursuant to a statute or the documents by which the

subject debt was created, the cases run afoul of the Second Circuit's decision in *Bank*,

356 Fed.Appx. at 511, that FDCPA claims based on an attempt to collect a debt do not

lie under § 1692f(1).

Summary judgment on Plaintiff's Third Claim pursuant to § 1692f(1) thus should

be GRANTED in favor of Defendant and DENIED as to Plaintiff.

### b.    § 1692f

Alternatively, the court construes Plaintiff's Third Claim under § 1692f's general

provision prohibiting a debt collector from using "any unfair or unconscionable means to

collect or attempt to collect any debt."  15 U.S.C. § 1692(f).  "Although the FDCPA

leaves the term 'unfair or unconscionable means' undefined, [the Second Circuit has]

held that the term refers to practices that are 'shockingly unjust or unfair, or affronting

the sense of justice, decency, or reasonableness.'" *Arias*, 875 F.3d at 135 (quoting

*Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 128 (2d Cir. 2016) ("*Gallego*")).

Specifically, "a debt collector engages in unfair or unconscionable litigation conduct in

violation of section 1692f when . . . it in bad faith unduly prolongs legal proceedings or

requires a consumer to appear at an unnecessary hearing."  *Id.* at 138.

For example, in *Arias*, the Second Circuit reversed the lower court's

determination on the defendant's motion for judgment on the pleadings dismissing the

plaintiff's FDCPA claim under § 1692f based on allegations the defendant acted in bad

faith to unduly prolong legal proceedings which required the plaintiff to appear at an unnecessary hearing. *Arias*, 875 F.3d at 138. In particular, *Arias* concerned a garnishment proceeding under New York law, in connection with which the defendant repeatedly refused to consider bank account statements provided by the plaintiff as documentary proof that all funds in the relevant account constituted Social Security retirement income funds that were exempt from garnishment under federal law. *Id*. Upon receipt of the account statements, the defendant was required by law to release the account from the garnishment proceedings but refused to do so. *Id*. The Second Circuit found the allegations supported the plaintiff's claim that the defendant's conduct was "'shockingly unjust or unfair' in violation of section 1692f. . . ." *Id*.

In contrast, in *Gallego*, the Second Circuit found that the defendant debt collector's conduct in sending debt collection letters that included a telephone number for the plaintiffs to call back ("call-back number"), but without specifying the name of any person to speak with upon making the call, did not state a claim under § 1692f. *Gallego*, 814 F.3d at 127-28. Not only did the plaintiff fail to explain how providing the name of a person to speak with at the call-back number was "in any way essential to the fairness of a debt collection practice," *id*. at 127, but "omitting a call-back name is *a fortiori* not unconscionable. . . ." *Id*. at 128. In *Bank*, the Second Circuit not only found that an attempt to collect a $ 35 bad check fee on unpaid rent when the lease authorized the collection of only a $ 25 bad check fee did not violate § 1692f(1), but also that demanding the bad check fee in an amount exceeding that to which the defendant was entitled was a mistake that was attributed to a clerical error, and thus was not "unfair or unconscionable" so as to violate § 1692f. *Bank*, 356 Fed.Appx. at 510.

In this case, Defendant's attempt to collect the $ 252.45 collection fee is sufficiently unfair or unconscionable to support a claim under § 1692f.  In particular, the collection fee is in violation of § 18[5], and Plaintiff was required to commence the instant action to avoid being held responsible for paying the additional $ 252.45.  *See Arias*, 875 F.3d at 138 (finding on a motion for judgment on the pleadings that a debt collector engages in unfair or unconscionable litigation conduct in violation of § 1692f when the plaintiff is required to engage in legal proceedings because of the defendant's violation of the FDCPA).  Nor does Defendant argue that the inclusion of the collection fee was a mistake or error.  *See Banks*, 356 Fed.Appx. at 510 (finding the defendant's attempt to collect a fee that was $ 10 more than what was permitted under the relevant document was a clerical error that did not arise to "unfair or unconscionable" conduct in violation of § 1692f).  Rather, Defendant has maintained throughout these proceedings that it was entitled to the collection fee because the fee did not exceed the statutory cap of 18% of the subject debt permitted by § 18[5].

Accordingly, summary judgment on Plaintiff's Third Claim based on a violation of § 1692f should be GRANTED in favor of Plaintiff and DENIED as to Defendant.


## CONCLUSION

Based on the foregoing, Defendant's Motion (Dkt. 17) should be DISMISSED as moot in part, DENIED in part, and GRANTED in part; Plaintiff's Cross-Motion (Dkt. 21) should be GRANTED in part and DENIED in part; Defendant's Motion to Strike (Dkt. 22) is DENIED.  The matter should be re-referred to the undersigned for calculation of damages and Plaintiff should be directed to file an application for attorney fees.

SO ORDERED, as to the dismissal as moot
 in part of Defendant's Motion, and the denial of
 Defendant's Motion to Strike,


                /s/ *Leslie G. Foschio*
_____
                LESLIE G. FOSCHIO
      UNITED STATES MAGISTRATE JUDGE


                        Respectfully submitted, as to the recommended
                         denial in part and granting in part of both
                         Defendant's Motion, and Plaintiff's Cross-Motion,


                            /s/ *Leslie G. Foschio*
                    _____
                            LESLIE G. FOSCHIO
                    UNITED STATES MAGISTRATE JUDGE



DATED:        June 24, 2025
              Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.


/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:      June 24, 2025
            Buffalo, New York