UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAMANTHA BREWSTER,

Plaintiff,

v.

MERCANTILE ADJUSTMENT BUREAU, LLC,

Defendant.

**REPORT and RECOMMENDATION**

**23-CV-544-JLS(LGF)**

---

APPEARANCES: THE ANDREWS FIRM
Attorneys for Plaintiff
SETH ANDREWS, of Counsel
43 Court Street
Suite 810
Buffalo, New York 14202

## JURISDICTION

This case was referred to the undersigned by Honorable John L. Sinatra, Jr. on July 26, 2023, for all pretrial matters including preparation of a report and recommendation on dispositive motions. (Dkt. 6). The matter is presently before the court on Plaintiff's motion for attorney fees (Dkt. 33), filed August 12, 2025.

## BACKGROUND and FACTS[1]

On June 15, 2025, Plaintiff Samantha Brewster ("Plaintiff"), commenced this action alleging Defendant Mercantile Adjustment Bureau, LLC ("Defendant") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("§ 1692__"), in attempting to collect from Plaintiff a disputed debt, specifically, an unpaid student loan of $ 1,683

---

[1] Taken from the pleadings and motion papers filed in this action.

("the student loan debt"), along with a $ 252.45 collection fee on the student loan debt ("the collection fee") (together, "the subject debt"). The parties filed motions for summary judgment (Dkt. 17 ("Defendant's motion") and Dkt. 21 ("Plaintiff's motion"). In a combined Report and Recommendation/Decision and Order filed June 24, 2025 (Dkt. 28) ("R&R"), the undersigned recommended both motions be granted in part and denied in part including, as relevant here, that Plaintiff could recover on her third claim for relief alleging violations of §§ 1692e(2)(A), and 1692e(2)(B), R&R at 23, and § 1692f, *id*. at 33.[2] The asserted FDCPA violations pertain to Defendant's attempt to collect the subject debt, including the outstanding principal balance of the student loan plus the collection fee Defendant maintains it incurred in attempting to collect the student loan debt from Plaintiff. Plaintiff later conceded owing the outstanding student loan debt, but continued to challenge Defendant's attempt to collect the collection fee. R&R at 7. The court found the collection fee exceeded the actual amount Defendant expended and that Defendant also failed to provide Plaintiff with an estimate of such fee as required by N.Y. State Finance Law § 18[5]. The undersigned further recommended the matter be remanded for calculation of damages and that Plaintiff be directed to file an application for attorney fees. *Id*. No objections to the R&R were filed and in a Decision and Order filed July 18, 2025 (Dkt. 31) ("D&O"), District Judge John L. Sinatra, Jr. adopted the R&R and remanded the matter for calculation of damages and directed Plaintiff to file an application for attorney fees.

[2] In opposing Defendant's motion, Plaintiff withdrew her first and second claims for relief. R&R at 16. Further, the undersigned also recommended granting summary judgment in favor of Defendant insofar as Plaintiff's third claim for relief alleged violations of § 1692e(5), R&R at 26,§ 1692e(10), *id*. at 27, and § 1692f(1), *id*. at 31.

On August 12, 2025, Plaintiff filed a motion for attorney fees and calculation of damages (Dkt. 33) ("Plaintiff's Motion"), supported by the attached Affidavit of Samantha Brewster (Dkt. 33-1) ("Plaintiff's Affidavit"), the Declaration of Seth Andrews[, Esq.][3] in Support of Motion for Attorneys' Fees and Costs (Dkt. 33-2) ("Andrews's Declaration"), a Bill of Costs (Dkt. 33-3) ("Plaintiff's costs"), and Plaintiff's Memorandum in Support of Petition for Attorney Fees and Costs (Dkt. 33-4) ("Plaintiff's Memorandum").[4] A text order entered September 23, 2025 (Dkt. 37) set deadlines for Defendant to respond in opposition to Plaintiff's Motion, and for Plaintiff to reply in further support of Plaintiff's Motion. To date, Defendant has not filed any response nor has Plaintiff filed a reply. Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion should be GRANTED in part as modified below and should otherwise be DENEID.

## DISCUSSION

### 1. Damages

Plaintiff seeks statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), Plaintiff's Affidavit ¶ 23, plus actual damages for emotional distress. *Id*.

[3] Unless otherwise indicated, bracketed material has been added.

[4] On July 7, 2025, Defendant's former attorney moved to withdraw as counsel for non-payment of attorney's fees. (Dkt. 29). In an Order filed July 11, 2025 (Dkt. 30), Defendant was directed to file a response to Defendant's counsel's motion to withdraw by August 1, 2025, and reminded that corporations, including an LLC, can appear in federal court only through counsel. No response was filed and on September 23, 2025, the motion to withdraw as counsel was granted. (Dkt. 35). To date, no other counsel has appeared for Defendant.

### A. Statutory Damages

Pursuant to 15 U.S.C. § 1692k(a)(2)(A), a district court may award up to $ 1,000 in statutory damages per plaintiff for FDCPA violations. *See Munoz v. Coastal Capital Processing, LLC*, 2022 WL 17068004, at * 3 (W.D.N.Y. Nov. 17, 2022) (considering $ 1,000 to be the maximum for statutory damages in action alleging multiple FDCPA violations) (citing cases); *Barksdale v. Global Check & Credit Servs., LLC,* 2010 WL 3070089, at *2 (W.D.N.Y. Aug. 4, 2010) (awarding plaintiff $500 in statutory damages where defendant made harassing calls on more than one occasion, made empty threats of litigation and arrest, and failed to provide required debt validation information). The specific amount of statutory damages is within the court's discretion but may not exceed $ 1,000. *Carbin v. Northern Resolution Group, LLC*, 2013 WL 4779231, at * 2 (W.D.N.Y. Sept. 5, 2013) (citing *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998)). The amount of statutory damages awarded under the FDCPA is "per action or proceeding, not per statutory violation." *Ostrander v. Accelerated Receivables*, 2009 WL at * 7 (W.D.N.Y. Mar. 31. 2009) (citing *Sibersky v. Borah, Goldstein, Altschuler & Schwartz*, 242 F.Supp.2d 273, 277 (S.D.N.Y. 2002) (citing 15 U.S.C. § 1692k(a)(2)(A)). The relevant factors to be considered in determining an award of statutory damages "include the frequency, persistence, and nature of the debt collector's noncompliance, the debt collector's resources, the number of individuals adversely affected, and the extent to which the debt collector's non-compliance was intentional." *Id.* (citing 15 U.S.C. § 1692k(b)(1)). "Awards of the $1,000 statutory maximum are typically granted in cases where the defendants' violations are 'particularly egregious or intimidating.'" *Id.* (quoting *Cordero v. Collection Co.,* 2012 WL 1118210, *2 (E.D.N.Y. April 3, 2012)).

In the instant case, the court found that the amount of the collection fee Defendant maintains it incurred in attempting to collect the subject debt from Plaintiff exceeded the actual amount Defendant expended and that Defendant also failed to provide Plaintiff with an estimate of such costs as required by N.Y. State Finance Law § 18[5] ("§ 18[5]"). R&R at 21. The court found that the attempt to collect such fee violated §§ 1692(e)(2)(A) (inflating the amount of debt) and (B) (attempting to collect a collection fee without a legal basis for imposing the fee), and § 1692f (engaging in unfair or unconscionable litigation conduct by, in bad faith, unduly prolonging legal proceedings). The violations were based on Defendant's calculation of the collection fee solely on a percentage basis, which did not exceed the 22% of the student loan debt statutorily permitted under § 18[5], but which nonetheless far exceeded the actual amount incurred as shown by the affidavits Defendant submitted in opposing Plaintiff's summary judgment motion, to wit, $ 27.50, R&R at 20-21. Nevertheless, the amount of the collection fee Defendant attempted to collect from Plaintiff on the student loan debt, which Plaintiff has since conceded owing, establishes that the violation was not so egregious to support the maximum amount of statutory damages. Instead, the court should award statutory damages in the amount of $ 500. *See*, *e.g.*, *Carbin*, 2013 WL 4779231 at * 2 (awarding $ 400 statutory damages where defendant debt collector admitted, by virtue of default, falsely representing debts and attempting to collect, in addition to the principal balance of the debt, payment of interest and fees not expressly authorized by the debt creating agreements (citing cases)).

Plaintiff's Motion should be GRANTED as to the request for statutory damages in the amount of $ 500.

**B. Actual Damages**

Plaintiff requests an award of actual damages in the amount of $ 3,000 to compensate Plaintiff for emotional distress suffered as a result of Defendant's attempt to collect the subject debt. Plaintiff's Affidavit ¶ 23. Under the FDCPA, a plaintiff may recover "any actual damage sustained by such person" as a result of the defendant's violation of the statute. 15 U.S.C. § 1692k(a)(1). Further, a prevailing plaintiff in a FDCPA suit may recover actual damages for emotional distress. *Mira v. Maximum Recovery Sols., Inc.*, 2012 WL 4511623, at *3 (E.D.N.Y. Aug. 31, 2012). Actual damages are designed to compensate for any "out of pocket expenses, personal humiliation, embarrassment, mental anguish, and/or emotional distress that results from defendant's failure to comply with the FDCPA." *Id.* (citation omitted). Although "[a] plaintiff may rely on his or her own testimony to establish actual damages, he or she "'must explain the circumstances of . . . injury in reasonable detail,' and may not 'rely on conclusory statements' unless the 'facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action.'" *Magi v. United Merchant Asset Recovery of WNY, LLC*, 2021 WL 2269478, at * 3 (W.D.N.Y. June 2, 2021) (quoting *Davis v. Creditors Interchange Receivable Mgmt., LLC*, 585 F. Supp. 2d 968, 976 (N.D. Ohio 2008)).

Although actual damages have been awarded in the absence of supporting medical evidence, *Magi*, 2021 WL 2269478, at *3 (citing cases), here, the Complaint is devoid of any allegations supporting actual damages and the Plaintiff's Affidavit makes only conclusory assertions of loss of sleep, stress, and anxiety. *See* Plaintiff's Affidavit ¶¶ 11 (asserting Defendant's FDCPA violations caused Plaintiff to feel she "was being

punished by having to deal with the added amount of $ 252.45 from [Defendant]"), and 14-19 (Defendant's collection efforts negatively affected Plaintiff's job performance, caused Plaintiff anxiety, loss of sleep, nausea, and demoralized Plaintiff). Because the unlawful conduct in which Defendant is deemed to have engaged is conduct that "would have inevitably caused some degree of stress and anxiety," *Slusher v. Asset Consulting Experts, LLC*, 2021 WL 868627, at * 6 (W.D.N.Y. Mar. 9, 2021), the court finds an award of actual damages is warranted, although not the $ 3,000 Plaintiff seeks, but an award of $ 500 is justified. *See Lennon v. Allegiance Accounting Services*, LLC, 2022 WL 18674455, at * 5 (W.D.N.Y. Dec. 20, 2022) (recommending the plaintiffs in a successful FDCPA case be awarded $ 500 in actual damages for garden variety emotional distress), *report and recommendation adopted*, 2023 WL 1969555 (W.D.N.Y. Jasn. 17, 2023).

Accordingly, Plaintiff should be granted actual damages in the amount of $ 500.

**2. Attorney Fees**

The FDCPA provides for the recovery of reasonable attorney's fees and costs by successful litigants. 15 U.S.C. § 1692k(a)(3) (party prevailing in FDCPA action entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court"). It is well-established that in deciding a request for attorney's fees in the context of an FDCPA case, "the lodestar approach governs the initial estimate of reasonable fees." *Eades v. Kennedy, PC. Law Offices,* 343 F.Supp.3d 104, 106 (W.D.N.Y. 2018) (citing *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)). In applying the lodestar approach, the court determines whether the number of hours expended claimed by counsel were reasonable and, as multiplied by a reasonable hourly rate,

yields a reasonable fee ward. *Id*. at 106-07 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), and *Grant*, 973 F.2d at 99). The court has broad discretion to determine the reasonableness of the hours expended and the hourly rates. *Id.* (citing *Hensley*, 461 U.S. at 433; *Arbor Hill Concerned Citizens Neighborhood Assoc.*, 522 F.3d at 190). "The fee applicant has the burden to establish the reasonableness of both." *Id.* In deciding the question of the reasonableness of the number of hours claimed by counsel, the court's inquiry is whether, when the work was performed, "'a reasonable attorney would have engaged in similar time expenditures.'" *Id.* (quoting *Reiter v. Metro. Transp. Auth. of State of N.Y.*, 2007 WL 2775144 at *9 (S.D.N.Y. Sept. 25, 2007) (quoting *Grant*, 973 F.2d at 99)). The court may also exclude excessive and unreasonable time from a fee request by imposing an across the board reduction in the amount of hours for which compensation is requested, *i.e.*, 'trimming the fat.' *Eades*, 343 F.Supp.3d at 168 (citing *Kirsch v. Fleet St. Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)). In the instant case, Plaintiff's counsel seeks to be awarded attorney fees for 65.7 total hours at the hourly rate of $ 475, for a total fee award of $ 31,207.50.

With respect to the requested hourly rate of $ 475, Mr. Andrews avers that he has handled in excess of 1,000 FDCPA cases over the past 16 years, at both the trial and appellate litigation levels, Andrews's Declaration ¶¶ 11-13, he is unaware of any other attorney within the Western District of New York with the same amount of experience and expertise in litigating FDCPA cases, *id*. ¶ 14, and references a recent FDCPA case in which he was awarded attorney fees at the hourly rate of $ 475. *Id*. ¶ 18. Nevertheless, in considering a reasonable hourly rate for attorneys engaged in FDCPA cases, courts in this district have determined that in the absence of unique

issues presented by the case, a reasonable hourly rate for attorney's fees is $300 per hour. *See Hopple v. Capital Link Management, LLC*, 2023 WL 8824959, at * 2 (W.D.N.Y. Dec. 21, 2023) ("*Hopple*") (citing cases). Further, the case on which Mr. Andrews relies in support of the requested hourly rate, *Fritz v. RP On-Site LLC*, 20-CV-7055-MJP (W.D.N.Y.) ("*Fritz*"), was a class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, involving "significant threshold motion practice" including, *inter alia*, a motion to stay for resolution of questions of Article III jurisdiction and a motion to transfer venue to the Northern District of Texas which included venue discovery, along with other discovery disputes. *See Fritz*, Dkt. 81-1 at 2, 4. In contrast, the instant case is a relatively straight-forward FDCPA action involving the Defendant's attempt to collect at first, an unpaid student loan balance and an improperly calculated debt collection fee, which was later reduced to collection of only the debt collection fee. These circumstances do not support the requested hourly rate of $ 475 but, instead, an hourly rate of $ 325, arrived at by adjusting the prevailing hourly rate for the Western District of New York of $ 300, as found in *Hopple* in December 2023, for inflation.

Mr. Andrews, who is a solo practitioner, submits detailed contemporaneous time records showing he spent a total of 65.7 hours litigating this action, and avers he does not bill for routine or clerical tasks. Andrews's Declaration ¶¶ 15-17. While Plaintiff has documented the number of hours expended on this matter, the court finds that given the lack of any significant legal issues presented by Defendant, the amount of time claimed should be reduced by 25 % to "trim the fat" for the following reasons. First, some of the descriptions of the work performed are vague such that it is not possible to tell whether time is claimed for work that is excessive, redundant, or otherwise unnecessary for an

attorney to perform. *Kirsch*, 148 F.3d at 173. *See*, *e.g.*, entries dated April 5 and 11, 2024 (documenting the receipt of correspondence from opposing counsel advising counsel is ill and needs to reschedule a deposition, e-mailing the court reporter to advise of the need to reschedule, and drafting correspondence to opposing counsel to reschedule the deposition). *See Greyhawk Hawthorne Lender, LLC v. Vella*, 2025 WL 2172228, at * 4 (S.D.N.Y. July 31, 2025) ("A reduction is warranted based on the number of internal communications and administrative tasks, which may also explain the surprisingly large number of total hours billed."). Other entries are for claims not pursued. *See*, *e.g.*, entries dated January 20, 2023 and April 20, 2023 ("TCW[5] client re: status of case (potential class)). *See Clarke v. Hudson Valley Federal Credit Union*, 2016 WL 884667, at * 1 (S.D.N.Y. 2016) (disallowing recovery of attorney fees for hours spent researching the possibility of pursuing a class action but only the plaintiff's individual claims were filed). *See c.f.*, *Kirsch*, 148 F.3d at 173 ("A prevailing party who is entitled to a fee award for his successful prosecution of successful claims is not entitled to a fee award for unsuccessful claims that were 'based on different facts and different legal theories'") (citing *Hensley,* 461 U.S. at 434). These reasons support a 25% reduction in the number of hours to trim the fat. The reduction of 65.7 hours by 25% yields 49.275 hours for which Plaintiff may recover attorney fees (65.7 – (65.7 X 25%)).

Thus, exercising its discretion, the court finds Plaintiff is entitled to an award of attorney fees in the amount of $16,014.38 (49.275 hours x $ 325).

---

[5] Although not explained, the undersigned interprets the letters "TCW" as "telephone call with client" which would be consistent with the context of the described activity.

**3. Costs**

Plaintiff seeks an award of costs incurred in connection with this litigation, including $ 402 for the filing fee, $ 70 for service of summons and subpoena, $ 554.80 for printed or electronically recorded transcripts, and $ 645 for "other costs." Bill of Costs at 1. Again, this request is unopposed.

Although this request is unopposed, the $ 70 for service fees, $ 554.80 for transcripts, and the $ 645 Plaintiff requests for "other costs" is not supported by any documentation or even an affidavit explaining the source of such costs. Relevantly, the Bill of Costs form Plaintiff submitted in support of the instant motion, directs that "other costs" be itemized and that "an itemization and documentation for requested costs in all categories" be attached to the Bill of Costs. Dkt. 33-3 at 1. Without any itemization, such costs must be disallowed. *See Fisher v. SD Protection, Inc.*, 948 F.3d 593, 601 (2d Cir. 2020) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011) (applicant for fees and costs must submit "appropriate documentation" to establish entitlement to the award)). *See also AKF, Inc. v. Arnold Brothers Forest Products, Inc.*, 2023 WL 5310243, at * 6 (S.D.N.Y. 2023) (declining to award plaintiff $ 761.40 for process service fees unsupported by any documentation), *adopted by* 2023 WL 5302336 (S.D.N.Y. Aug. 17, 2023). Nevertheless, although the $ 402 filing fee also is unsupported by any receipt, courts have permitted recovery of the court's filing fee by taking judicial notice of the published filing fee to commence a civil action in the court. *See Dolores v. Titan Construction Services LLC*, 2021 WL 601655, at * 2 (S.D.N.Y. Jan. 22, 2021) (approving request for expenses for $ 400 filing fee based on judicial notice, and for services of process fees and mediation fees reflected in the law firm's billing records,

but declining to approve additional expenses that were wholly undocumented); *Piedra v. Ecua Rest., Inc.*, 2018 WL 1136039, at * 20 (E.D.N.Y. Jan. 31, 2018) (rejecting expenses beyond filing fee because “the Court cannot simply accept at face value the other costs that plaintiff's counsel seeks, such as service of process and translator services, without additional supporting documentation for those costs”). Here, the undersigned takes judicial notice this District Court’s Schedule of Fees on the court’s Public Website shows the current filing fee to commence an action in the Western District of New York is $ 405, and that the case docket shows the filing fee as $ 402 when this action was commenced which was paid (Dkt. 1).

Accordingly, Plaintiff should be awarded costs for the $ 402 filing fee, but not for the $ 70 for process of service, $ 554.80 for transcripts, or the $ 645 for “other costs.”

## CONCLUSION

Based on the foregoing, Plaintiff’s Motion (Dkt. 33), should be GRANTED in part and DENIED in part with Plaintiff awarded $ 500 in statutory damages, $ 500 in actual damages, and $ 402 in costs, and Plaintiff’s counsel awarded $ 16,014.38 for attorney fees, for a total award of $ 17,416.38.

Respectfully submitted,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 24, 2026
Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorney for the Plaintiff and to the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 24, 2026
Buffalo, New York